# Coyle v. Interstate Business Men's Insurance Accident Association, Appellant.

*Court records—Amendments—Power of court.*

1. A court has power to amend its records so as to comport with the facts.

*Practice, C. P.—Service of process—Alias writ—Continuation of action.*

2. Where an original writ has been returned, an alias is an effective continuation of the action, if issued within the required period after the date of the original.

*Practice, C. P.—Acceptance of service after return day—Defendant in court.*

3. An acceptance of service of a writ, even after the return day named in it, is sufficient to bring the defendant into court for all the purposes of the case.

*Practice, C. P.—Acceptance of service by insurance commissioner—Act of May 17, 1921, P. L. 789.*

4. This is true also of acceptance of service by the insurance commissioner, in cases within the purview of section 210 of the Act of May 17, 1921, P. L. 789, 793-4.

Argued April 15, 1925. Appeal, No. 18, Jan. T., 1926, by defendant, from order of C. P. Northampton Co., Dec. T., 1921, No. 45, refusing judgment for defendant n. o. v., in case of Nellie C. Coyle v. Interstate Business Men's Insurance Accident Association of Des Moines, Iowa. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit on accident insurance policy for death of plaintiff's husband. Before STOTZ, J.

. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,280.   Defendant appealed.

*Errors assigned* were (1) refusal to enter judgment for defendant n. o. v., (2) order directing record to be amended so as to show a return by the sheriff of the original writ of summons, and (3) order directing judgment to be entered for plaintiff and amending record so as to show acceptance of service of the original writ by the insurance commissioner on October 20, 1921, quoting record.

*W. H. Kirkpatrick,* of *Kirkpatrick & Maxwell,* for appellant.

*E. J. Fox,* with him *J. W. Fox,* for appellee.

OPINION BY MR. JUSTICE SIMPSON, May 4, 1925:

Plaintiff, the beneficiary named in an accident policy on the life of her husband, sued the foreign insurance company which issued the policy, and recovered a verdict and judgment, from the latter of which defendant appeals. The only question raised is: Was the suit commenced in time? It is admitted that it was, if begun on or before October 30, 1921.

The original summons issued September 29, 1921, returnable October 10, 1921, and was sent to Harrisburg, for service upon the insurance commissioner, as authorized by section 210 of the Act of May 17, 1921, P. L. 789, 793-4, which provides that "service upon the insurance commissioner or his deputy as attorney shall be deemed valid service upon the company." By some oversight, it was not served before the return day, but, as proved by appellant itself, "service was accepted [by the insurance commissioner] at 9:30 a. m., on October 20, 1921." Through the mistake of some one, even this service was not entered on the docket in the office of the

prothonotary of the court below, and hence plaintiff issued an alias writ, on December 2, 1921, service whereof was also accepted by the insurance commissioner, after which defendant entered a general appearance, and the case proceeded to verdict and judgment as stated.

Subsequently, upon a petition averring, and depositions proving, that the original writ had been returned to the prothonotary's office before the alias issued, the court directed the record to be amended accordingly. Appellant admits that, if this amendment was properly allowed, its appeal must fail; because, in that event, the alias was an effective continuation of the original. It claims, however, that, as the original writ had not been returned when the alias issued, the latter must be treated as the commencement of a new action, and hence the claim was lost because of the limitation of time for suit, expressed in the policy. It is not necessary to decide whether or not plaintiff would have lost her right of action because of the neglect of public officials over whom she had no control, for we are all of opinion that the evidence justified the amendment, and in addition that there was no need to issue the alias writ. The acceptance of service of the original writ, even after the return day named in it, was sufficient to bring defendant into court. Though, at that time, it could not have been validly served upon any one, probably counsel would not deny,—certainly he could not successfully do so,—that if defendant itself had then accepted service, it would have been in court for all the purposes of the case, despite the fact that the statutes in relation thereto, like the Act of 1921, above quoted, refer only to actual service, and not to acceptance of service. This has always been the rule with us. That the service was accepted by the insurance commissioner, as defendant's statutory "attorney" or agent, results, as the statute says, in it being "deemed [a] valid service upon the company." The insurance commissioner was not compelled to require plaintiff to go through the form of issuing a

new writ, before he would accept service of notice of the pendency of the action, any more than the defendant itself would have been.

The judgment of the court below is affirmed.